# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                     CV 15-138 RB/WPL
                                                                       CR 12-3186 RB

HECTOR RUIZ,
a/k/a ARTURO RUIZ,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Hector Ruiz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 85).[1] Ruiz challenges his sentence on two grounds: first, that the United States failed to prove the existence of his prior convictions that would support sentencing him under the Career Offender enhancement of U.S.S.G. § 4B1.1, and second, that he received constitutionally ineffective assistance of counsel when his attorney failed to object to the Career Offender enhancement. Since Ruiz's claim may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that the motion be denied.

## BACKGROUND

Ruiz pleaded guilty on April 10, 2013, without a plea agreement, to one count of conspiracy to distribute methamphetamine and two counts of possession with intent to distribute methamphetamine. (Doc. 52.) On February 12, 2014, Ruiz was sentenced to a prison term of 188

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 15-138 RB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 12-3186 RB. Unless otherwise noted, documents are cited by reference to the criminal case.

months, followed by five years of unsupervised release. (Doc. 71.) Ruiz did not directly appeal

his conviction or sentence. (Doc. 89 at 4; *see also* Doc. 85 at 2 (no response to question 8: "Did

you appeal from the judgment of conviction?").)

Ruiz timely objected to the Presentence Report ("PSR") on multiple bases, including that

he was not the person charged and convicted of a 2007 offense in California for possession of a

controlled substance. (Doc. 67.) The parties agree that the PSR listed Ruiz as a Career Offender

under U.S.S.G. § 4B1.1, which exposed him to a total offense level of 37 with a criminal history

category VI. The parties also agree that, absent the Career Offender enhancement, Ruiz was

exposed to a total offense level of 38 with a criminal history category III. (*See* Doc. 67 at 3.)

Because Ruiz pled guilty, he received the benefit of a three-level reduction in the total offense

level, for a total offense level of 35. (*Id.*) The United States agreed with Ruiz that it could not

prove the 2007 conviction from California. (Doc. 68.)

At the Sentencing Hearing on February 11, 2014, Ruiz and the United States reached an

agreement and Ruiz withdrew all motions for variance. Sentencing Hearing at 2:32:38-44.

Defense counsel informed the Court that all of Ruiz's objections had been addressed by the

probation department and that all appropriate changes had been made to the PSR. *Id.* at 2:32:32-

38. Ruiz confirmed to the Court that this was his understanding. *Id.* at 2:32:47-49. Ruiz then

confirmed that he had reviewed the PSR with counsel and that everything in it was true, correct,

and accurate. *Id.* at 2:32:54-56.

The Court found that, under the PSR, Ruiz had an offense level of 35 and a criminal

history category VI. *Id.* at 2:33:34-36. Pursuant to the parties' agreement, the United States

agreed that Ruiz's criminal history category was overrepresented and agreed to a criminal history

category II. *Id.* at 2:34:10-15. The Court then ruled that Ruiz's criminal history was

overrepresented and granted the requested downward variance to criminal history category II. *Id.* at 2:37:40-43. The Court sentenced Ruiz to 188 months of incarceration. *Id.* at 2:37:50-54.

### STANDARD OF REVIEW

Because Ruiz is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

### DISCUSSION

Ruiz argues that the Court erred by sentencing him under the Career Offender enhancement because the United States failed to prove supporting convictions by a preponderance. Additionally, Ruiz alleges that he received constitutionally ineffective assistance of counsel, in violation of his Sixth Amendment rights, because counsel failed to object to the application of the Career Offender enhancement. The parties agree, and I concur, that Ruiz timely filed this motion. 28 U.S.C. § 2255(f). I find that Ruiz's first argument is moot because the Court did not sentence him under the Career Offender enhancement. I also find that Ruiz did not receive constitutionally ineffective assistance of counsel. I recommend that the Court deny Ruiz's motion, dismiss this case with prejudice, and deny a certificate of appealability.

## I.      Evidentiary Hearing

A court must conduct a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Under this standard, "the petitioner bears the burden of 'alleging facts which, if proved, would entitle him to relief.'" *Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995) (citations omitted), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc). Accordingly, if the prisoner alleges facts, which, if believed, cannot be grounds for relief, there is no need for a hearing. *See id.* Additionally, the petitioner's "allegations must be specific and particularized; conclusory allegations will not suffice to warrant a hearing." *Id.* (citations and internal punctuation omitted). If the claims relate to occurrences in the courtroom or evidence in the record, then the Court need not conduct a hearing. *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962).

Because the record alone establishes that Ruiz's § 2255 motion should be denied, I did not hold an evidentiary hearing in this matter.

## II.      Career Offender Enhancement

Ruiz briefly argues that the Court erred by applying the Career Offender enhancement because the Court had insufficient evidence to support the underlying convictions. In response, the United States notes that Ruiz is barred from challenging his classification as a Career Offender because he failed to raise the issue on direct appeal. Additionally, the United States contends that Ruiz's offense level was calculated based on the offenses in this case alone, not the Career Offender Enhancement, and that the criminal history category was reduced to category II per agreement of the parties and the Court.

Section 2255 motions, like this one, are not available to challenge the legality of issues which should have been raised on direct appeal. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*

Ruiz did not file a direct appeal. The United States raised the procedural bar issue in its response (Doc. 89 at 4), but Ruiz did not reply to this argument. Therefore, I conclude that Ruiz is procedurally barred from challenging his classification as a Career Offender.

Even if Ruiz were not procedurally barred from raising this argument, he would be unable to show actual prejudice because the Court granted a downward variance and did not sentence Ruiz as a Career Offender. Sentencing Hearing at 2:37:40-43.

## III.    Ineffective Assistance of Counsel

Ruiz then argues that he received ineffective assistance of counsel because his attorney did not object to the Career Offender classification at sentencing. The United States responds that Ruiz's motion should be denied because he is unable to show prejudice resulting from the alleged error.

To succeed on an ineffective assistance of counsel claim, a defendant must show 1) that his lawyer's performance was deficient, i.e., below the level expected from a reasonably competent attorney in criminal cases, and 2) that he suffered prejudice, meaning that there is a reasonable probability that the result would have been different but for his lawyer's unprofessional errors. *United States v. Cruz*, 774 F.3d 1278, 1284-85 (10th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 696 (1984)). "[T]here is no reason for a court

deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

With regard to the prejudice prong, Ruiz cites to *United States v. Kissick*, 69 F.3d 1048, 1055-56 (10th Cir. 1995), for the proposition that prejudice can be established when counsel's deficiency resulted in a "specific, demonstrable enhancement in sentencing – such as an automatic increase for a 'career' offender . . . – which would have not occurred but for counsel's error." *Id.* (quotation omitted). The problem with Ruiz's argument is that he did not suffer a sentencing enhancement. Instead, the Court sentenced Ruiz at the low end of the statutory guidelines for an offense level of 35 with a criminal history category II. *See* U.S. Sentencing Comm. Guidelines Manual, App'x G: Tables (2014) (the guidelines range for level 35 and history category II is 188-235 months of incarceration). Had the Court applied criminal history category VI, for the Career Offender Enhancement, Ruiz would have been subject to a guidelines range of 292-365 months. *Id.* Furthermore, even if counsel had successfully challenged the Career Offender enhancement, Ruiz would still have started at a total offense level of 38 for his drug conduct, as opposed to a level 37 as a Career Offender. *Compare* U.S.S.G. § 2D1.1 *with* U.S.S.G. § 4B1.1.

The Career Offender classification had no bearing on Ruiz's total offense level and was not used in calculating his criminal history category. Therefore, Ruiz can show no prejudice resulting from his counsel's allegedly deficient performance. Because I find that Ruiz cannot satisfy the prejudice prong, I do not reach the issue of whether defense counsel's performance fell below the level expected from a reasonably competent attorney in criminal cases. *Strickland*, 466 U.S. at 697.

CONCLUSION

Ruiz is procedurally barred from challenging the application of the Career Offender enhancement. With regard to his claim of ineffective assistance of counsel, Ruiz failed to show that he suffered prejudice as a result of any alleged errors. Therefore, I conclude that Ruiz failed to establish an ineffective assistance claim. For the reasons stated herein, I recommend that Ruiz's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 85) be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.