**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                 No. CR 12-3186 RB

HECTOR RUIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Title 18 U.S.C. § 3582 Motion Seeking Modification of Sentence and Exhibits in Support of Petition § 3582(c)(2), filed on October 28, 2019. (Doc. 112.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed as moot**.

**I.**    **Background**

On June 27, 2013, Mr. Ruiz pled guilty to an Indictment charging (1) possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (2) possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; and (3) possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (*See* Docs. 24; 66.) Mr. Ruiz was held accountable for 1,677.7 grams of actual methamphetamine. (Doc. 104-1 (Presentence Investigation Report (PSR)) ¶ 17.)

Due to three previous convictions, Mr. Ruiz was determined to be a career offender. (*Id.* ¶¶ 23, 29–30.) According to the 2012 Guidelines Manual, his base offense level was 38, and his

total offense level was 35 after a three-level reduction. (*Id.* ¶¶ 15, 22, 26.) The PSR stated that his criminal history category was VI. (*Id.* ¶ 34 (citing U.S.S.G. § 4B1.1(b)).) Mr. Ruiz filed objections to the PSR and argued that his criminal history was overstated. (*See* Doc. 67.) Specifically, he argued that he was "not the person that was charged and convicted of" one of the three criminal convictions listed in the PSR. (*Id.* at 1.) The Government agreed that one of the convictions should not have been attributed to Mr. Ruiz. (Doc. 68 at 1.) It also agreed that "his criminal history category of VI over-represents the seriousness of his prior criminal history . . . and that a departure to [a criminal history category] of II [was] warranted in this case." (*Id.*) Even without the erroneous prior conviction, however, the Government stated that "Defendant would still be a career offender pursuant to USSG § 4B1.1." (*Id.*) Accordingly, when the Court sentenced Mr. Ruiz to 188 months imprisonment on February 11, 2014 (Docs. 70; 71 at 3), it was based on a total offense level of 35 and a criminal history category of II, which established a guideline imprisonment range of 188 to 235 months. (*See* Doc. 104 at 1.)

Mr. Ruiz did not appeal his sentence. He has, however, filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, which the Court denied. (*See* Docs. 85; 92.) On October 5, 2015, he moved to amend his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (Doc. 94.) The Court granted the motion and reduced Mr. Ruiz's sentence to 168 months. (Doc. 105.) Mr. Ruiz filed a second motion to reduce his sentence pursuant to Amendment 782 in November 2016. (Doc. 107.) The Court dismissed the motion. (Doc. 109.)

Mr. Ruiz now files a third motion to reduce his sentence and argues that when the Court reduced the sentence previously, the reduction was based on the erroneous designation of Mr. Ruiz as a career offender. (*See* Doc. 112.) The United States opposes the motion. (Doc. 115.)

**II.     Analysis**

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except' in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c); subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

Mr. Ruiz bases his motion on § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. (*See* Doc. 112.) Amendment 782 of the Guidelines went into effect "on November 1, 2014, and applies retroactively." *United States v. Goodwin*, 635 F. App'x 490, 493 (10th Cir. 2015). "The amendment 'reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.'" *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quoting *Goodwin*, 635 F. App'x at 493 (citing U.S.S.G., suppl. to app. C, amend. 782 (2014)) (subsequent citation omitted)).

Mr. Ruiz has already benefitted from Amendment 782. On August 22, 2016, Mr. David Mills with the United States Probation Office submitted a Memorandum "to assist the Court in the

adjustment of [Mr. Ruiz's] sentence, pursuant to the 2014 retroactive guideline amendment to U.S.S.G. § 2D1.1." (Doc. 104 at 1.) Mr. Mills confirmed that Mr. Ruiz was a career offender and had originally received a base offense level of 38 and a total offense level of 35 after a three-level reduction. (*Id.*) The "offense level of 35, combined with a criminal history category of II, established a guideline imprisonment range of 188 to 235 months." (*Id.*) In applying the 2014 Guidelines Manual, Mr. Mills found that Mr. Ruiz's base offense level would have been 36, which was adjusted to 37 because he is a career offender. (*Id.* at 2.) The total offense level was 34 after the three-level reduction, and together with a criminal history category of II, resulted in a guideline imprisonment range of 168 to 210 months. (*Id.*) The Court reduced Mr. Ruiz's sentence to the low end of the range—168 months. (Doc. 105.)

Now Mr. Ruiz argues that he should *not* have been categorized as a career offender. (Doc. 112 at 3.) Mr. Ruiz does not provide authority for this argument, and the Court finds none. He was correctly categorized as a career offender and sentenced as such. As Mr. Ruiz has already benefited from Amendment 782 and has not identified any other applicable reduction, his motion is moot.

Because this is Mr. Ruiz's third motion seeking similar relief, the Government asks the Court to restrict Mr. Ruiz from filing any additional motions for a sentencing reduction pursuant to § 3582(c). (Doc. 115 at 2.) While the Court is mindful that Mr. Ruiz is incarcerated, acting *pro se*, and genuinely endeavors to shorten his sentence, the Court cannot grant him unfettered access to file countless motions on the same subject. *See DePineda v. Hemphill*, 34 F.3d 946, 948–49 (10th Cir. 1994). The Court cautions Mr. Ruiz not to file further meritless motions for a reduction of his sentence. In the event that he does, the Court will impose filing restrictions.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Title 18 U.S.C. § 3582 Motion Seeking Modification of Sentence and Exhibits in Support of Petition § 3582(c)(2) (Doc. 112) is **DISMISSED AS MOOT**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE