IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               No. CR 12-3186 RB

HECTOR RUIZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Ruiz's Emergency Motion for Compassionate Release, filed on June 15, 2020. (Doc. 118.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.    Background**[1]

On June 27, 2013, Mr. Ruiz pled guilty to an Indictment charging (1) possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); (2) possession with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; and (3) possession with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. (*See* Docs. 24; 66.) The Court sentenced Mr. Ruiz to 188 months imprisonment on February 11, 2014. (Docs. 70; 71 at 3.) On October 5, 2015, he moved to amend his sentence pursuant to Amendment

---

[1] The Court set out a more complete factual background in a March 2020 Memorandum Opinion and Order denying a motion to reduce sentence and incorporates it by reference. (*See* Doc. 117 at 1–2.)

782 to the United States Sentencing Guidelines. (Doc. 94.) The Court granted the motion and reduced Mr. Ruiz's sentence to 168 months. (Doc. 105.)

Mr. Ruiz now seeks immediate release to take care of his elderly father. (*See* Doc. 118.)

## II.    Discussion

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Ruiz asserts that he submitted paperwork regarding a compassionate release to the warden of a South Carolina facility where he was previously housed, but he has since been moved and is unable to obtain a copy of that paperwork. (Doc. 118 at 1.) Because he has not provided evidence that he has exhausted his administrative remedies, the Government asks the Court to dismiss his motion as premature. (Doc. 119 at 5–6.)

"The Tenth Circuit has not addressed whether the administrative exhaustion requirement under Section 3582(c)(1)(A), which Congress added in 2018, is jurisdictional. Even so, the 'text, context, and relevant historical treatment' of Section 3582(c)'s various subsections suggest that Congress intended that courts treat the exhaustion requirement as jurisdictional." *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020), *reconsideration overruled*, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020). This subsection initially provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "As a textual matter, the provisions of Section

3582(c) operate as a 'clear and mandatory restriction on a court's authority.'" *Read-Forbes*, 2020 WL 1888856, at *3 (quoting *United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015)). "In other words, the statute 'speak[s] to the power of the court rather than to the rights or obligations of the parties,' which suggests that its administrative exhaustion requirement is jurisdictional." *Id.* (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)); citing (*Spaulding*, 802 F.3d at 1124 (Section 3582(c) is jurisdictional limitation on ability of district courts to alter sentence of imprisonment)).

The Tenth Circuit has held that exhaustion is a jurisdictional requirement for motions brought pursuant to §§ 3582(c)(1)(B) and (c)(2). *See id.* (gathering cases). And while Section 3582(c)(1)(A) includes an express exhaustion requirement, "the Court sees no reason to treat that subsection's requirements any differently." *Id.* Thus, the Court treats Section 3582(c)(1)(A)'s exhaustion requirement as jurisdictional. Because Mr. Ruiz did not provide evidence that he has exhausted his administrative remedies, the Court will dismiss his motion for lack of exhaustion.

Even if the Court did not treat the exhaustion requirement as jurisdictional, it would deny the motion for at least two reasons. First, as the Government notes, "[e]ven if the exhaustion requirement of Section 3582(c)(1)(A) is not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced if a party 'properly raise[s] it.'" (Doc. 76 at 7–8 (quoting *Ebenhart v. United States*, 546 U.S. 12, 19 (2006) (holding that deadline in Fed. R. Crim. P. 33 for new trial motions is not jurisdictional, but is inflexible and must be enforced if properly raised)).) *See also Read-Forbes*, 2020 WL 1888856, at *4.

Second, Mr. Ruiz moves for compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy

3

statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Mr. Ruiz seeks a reduction due to family circumstances: he would like to live with and care for his elderly father, who is in poor health due to back and knee problems.[2] (Doc. 118 at 2–3.)

The Guidelines provide that a defendant may qualify for a reduction based on family circumstances in certain situations where he is needed to care for a spouse, partner, or child. U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(C). Thus, Mr. Ruiz's request—to be released to care for his father—does not qualify under this provision.

Under § (1)(D), a defendant may qualify for a reduction for "other reasons." Here, the defendant must demonstrate "extraordinary and compelling" circumstances. U.S. Sentencing Guidelines Manual § 1B1.13 app. § (1)(D). While the Court certainly empathizes with Mr. Ruiz's desire to care for his father and commends him for maintaining strong family relationships, these circumstances do not rise to the level of "extraordinary and compelling" sufficient to merit a reduction. *See United States v. Crandle*, CR 10-35-SDD-RLB, 2020 WL 2188865, at *3 n.27 (M.D. La. May 6, 2020) (gathering cases that have found that caring for elderly parents is not sufficient to show "extraordinary and compelling" circumstances). And Mr. Ruiz acknowledges that other siblings are available (though perhaps not as willing as he is) to take on the role of caregiver. (Doc. 118 at 2.) *See Crandle*, 2020 WL 2188865, at *3 (denying motion for reduction

---

[2] The Government argues that Mr. Ruiz does not meet the other qualifying circumstances, as Mr. Ruiz states that he is in good health and is 46 years old. (Doc. 119 at 8–9 (citing Doc. 118 at 2; U.S. Sentencing Guidelines § 1B1.13, app. 1(A)(i)–(ii) & (B)).) The Court agrees with the Government's analysis on these points.

in part because the defendant "failed to present evidence demonstrating that he is the only person who could care for his parents"). For these reasons, the Court finds that Mr. Ruiz has failed to demonstrate colorable entitlement to compassionate release.

**THEREFORE,**

**IT IS ORDERED** that Mr. Ruiz's Emergency Motion for Compassionate Release (Doc. 118) is **DISMISSED WITHOUT PREJUDICE**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE