IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                               No. CR 12-3186 RB

HECTOR RUIZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Hector Ruiz's Motion for Sentence Reduction, filed on January 14, 2022. (Doc. 121.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.  Background**

On June 27, 2013, Ruiz pled guilty to an Indictment to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute methamphetamine in violation of under 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). (*See* Docs. 24; 66.) On February 11, 2014, United States District Judge Michael J. Reagan sentenced Ruiz to 188 months imprisonment. (Doc. 70.) On August 22, 2016, the Court granted a subsequent motion for sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, reducing his sentence from 188 to 168 months. (*See* Docs. 94; 105.)

Ruiz's anticipated release date is October 11, 2024. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited July 21, 2022). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 121.)

1

## II. Discussion

Ruiz seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). The Government concedes that Ruiz has exhausted his administrative remedies for purposes of this motion. (*See* Doc. 127 at 6–7.)

Ruiz asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 121 at 2.) He argues that his medical condition—obesity—puts him at risk for severe illness from COVID-19. (*Id.*) The Government contends that "[a]lthough . . . individuals who are obese have a heightened risk of an adverse outcome if they contract COVID-19, Ruiz no longer presents an 'extraordinary and compelling reason' for compassionate release because he was offered a vaccine and declined it." (Doc. 127 at 12 (citation omitted).)

The Court finds that Ruiz has not presented extraordinary and compelling circumstances for a sentence reduction. At Ray Brook FCI, where Ruiz is housed, there are currently no inmates who are positive with COVID. *See COVID-19 Coronavirus*, Federal Bureau of Prisons,

2

https://www.bop.gov/coronavirus/ (last visited July 21, 2022). Moreover, Ruiz presents no evidence to show that his health is not being well-managed. Thus, the Court finds that any risk to Ruiz is minimal.

Even if Ruiz had shown extraordinary and compelling reason exist for a sentence reduction, the Court would deny one because the factors set forth in 18 U.S.C. § 3553(a) weigh against release. Section 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government notes that Ruiz is a career offender, "with prior felony convictions for possession for sale of a controlled substance (methamphetamine) and assault with a deadly weapon or force likely to produce great bodily injury. (Doc. 127 at 16 (citing PSR ¶¶ 23, 29, 30.) Most recently, Ruiz was convicted for possession with intent to distribute 1.6 net kilograms of pure methamphetamine. (*Id.* (citing PSR ¶ 11).) The Court finds that the 168 month sentence is necessary to reflect the seriousness of the crime.

**THEREFORE,**

**IT IS ORDERED** that Ruiz's Motion for Sentence Reduction (Doc. 121) is **DENIED.**

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**